# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BERRY, | 1:08-cv-01973-OWW-DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| L. WATSON, Warden | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on September 30, 2008, in the United States District Court for the Northern District of California. On December 18, 2008, the petition was transferred to this Court, and filed on December 29, 2008. (Court Docs. 3, 4.)

Petitioner is challenging a rules violation report for failure to respond to a prior ducat claiming there was not "some evidence" to support the guilty finding. Petitioner was found guilty of a lesser included offense-an administrative violation and was reprimanded and counseled.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a

1  prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.
2  <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* <u>Superintendent, etc. v. Hill</u>, 472
3  U.S. 445, 454-455 (1984).
4        However, when a prison disciplinary proceeding may result in the *loss of good time*
5  *credits*, due process requires that the prisoner receive: (1) advance written notice of at least 24
6  hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety
7  and correctional goals, to call witnesses and present documentary evidence in his defense; and
8  (3) a written statement by the factfinder of the evidence relied on and the reasons for the
9  disciplinary action.  <u>Hill</u>, 472 U.S. at 454; <u>Wolff</u>, 418 U.S. at 563-567.  In addition, due process
10 requires that the decision be supported by "some evidence." <u>Hill</u>, 472 U.S. at 455, *citing* <u>United
11 States ex rel. Vatauer v. Commissioner of Immigration</u>, 273 U.S. 103, 106 (1927).  The "some
12 evidence" standard is "minimally stringent," and a decision must be upheld if there is any reliable
13 evidence in the record that could support the conclusion reached by the fact finder.  <u>Hill</u>, 472
14 U.S. at 455-456; <u>see</u> <u>also</u> <u>Barnsworth v. Gunderson</u>, 179 F.3d 771, 779 (9th Cir. 1990);
15 <u>Zimmerlee v. Keeney</u>, 831 F.2d 183, 186 (9th Cir. 1987).  Determining whether this standard is
16 satisfied does not require examination of the entire record, independent assessment of the
17 credibility of witnesses, or the weighing of evidence.  <u>Hill</u>, 472 U.S. at 455; <u>Toussaint v.
18 McCarthy</u>, 801 F.2d 1080, 1105 (9th Cir. 1986).
19       In this instance, it is clear that Petitioner was not deprived of any loss of custody credits.
20 Therefore, his claim is not cognizable via section 2254 and must be dismissed.
21 RECOMMENDATION
22       Based on the foregoing, it is HEREBY RECOMMENDED that:
23       1.    The instant petition for writ of habeas corpus be DISMISSED; and
24       2.    The Clerk of Court be directed to terminate this action in its entirety.
25       This Findings and Recommendation is submitted to the assigned United States District
26 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
27 the Local Rules of Practice for the United States District Court, Eastern District of California.
28 Within thirty (30) days after being served with a copy, any party may file written objections with

1  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
2  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
3  and filed within ten (10) court days (plus three days if served by mail) after service of the
4  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
5  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
6  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
7  Cir. 1991).

9      IT IS SO ORDERED.
10     Dated:   **January 12, 2009**                    **/s/ Dennis L. Beck**
                                                                                             UNITED STATES MAGISTRATE JUDGE